UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 16 2010 ★

**BROOKLYN** OFFICE

-------------------------------------------------------------X

ANNIS WILLIAMS,

               Plaintiff,

        - against -

NEW YORK CITY HEALTH & HOSPITAL
CORPORATION and ELMHURST
HOSPITAL CENTER,

               Defendants.

MEMORANDUM AND ORDER
08-CV-4132 (RRM) (LB)

-----------------------------------------------------------X

MAUSKOPF, United States District Judge.

Plaintiff Annis Williams ("Plaintiff") commenced this *pro se* action against Defendants

New York City Health & Hospital Corporation and Elmhurst Hospital Center alleging

employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §§ 2000e *et seq.* Before the Court is Defendants' unopposed motion to dismiss the

Complaint. For the reasons set forth below, Defendants' motion is granted. However, the Court

grants Plaintiff thirty (30) days leave to serve and file an amended complaint solely with respect

to her disparate treatment claim.

## BACKGROUND[1]

On October 6, 2003, Plaintiff, a female Jehovah's Witness, commenced employment with

Defendants as a stock worker. (Supp. Compl. ¶ 6.)[2] Sometime in 2005, Plaintiff complained to

---

[1] The facts are drawn from the Complaint and the documents annexed thereto. *See* Fed. R. Civ. P. 10(c)
("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). All non-
conclusory allegations are accepted as true, see *Cherry St. LLC v. Hennessee Group LLC*, 573 F.3d 98, 100 (2d Cir.
2009), and all reasonable inferences are drawn in favor of Plaintiff. *See United States v. City of New York*, 359 F.3d
83, 91 (2d Cir. 2004).

[2] Plaintiff's Complaint (Docket No. 1.) is comprised of four separate documents: (1) a standard form
complaint provided to *pro se* litigants ("Compl."); (2) a two-page document containing eight numbered paragraphs
titled "Complaint" ("Supp. Compl."); (3) a Dismissal and Notice of Rights form from the United States Equal
Employment Opportunity Commission ("EEOC") dated July 1, 2008 ("EEOC Notice"); and (4) a copy of a Verified

her supervisors that she was the only female stock worker required to work weekends and that she desired one weekend day off to observe the Sabbath. (*Id.* ¶ 7.)

On August 12, 2005, Plaintiff called out sick. (*Id.* ¶ 8.) On September 15, 2005, Plaintiff's union representative informed her that she was considered absent without leave. (NYSDHR Compl. ¶ 5.) Plaintiff was subsequently advised by her supervisor that she should provide Defendants with medical documentation if she wished to return to work. (*Id.*) Plaintiff, however, never returned to work, and claimed that Defendants had discriminated against her because of her gender and religious beliefs. (*Id.* ¶ 4; Supp. Compl. ¶ 5.) On September 26, 2005, Plaintiff was formally notified that her probationary period of employment had been terminated. (*See* Decl. of Rhonda Richardson in Supp. of Defs.' Mot. to Dismiss the Compl., Ex. A.)[3] On August 2, 2006, Plaintiff filed administrative charges of discrimination based on gender and religion. (Compl. ¶ 10; *see also* NYSDHR Compl.) On July 1, 2008, the EEOC notified Plaintiff that her claims were dismissed. (*See* EEOC Notice.)

Plaintiff commenced the instant action on October 2, 2008. On January 6, 2009, Defendants' application for leave to serve the instant motion was granted and Plaintiff was directed to serve opposition papers on Defendants by March 20, 2009. On February 24, 2009, at her request, Plaintiff was afforded a four month extension of time to oppose Defendants' motion. Thereafter, on May 27, 2008, Plaintiff sought an additional six month extension of time to file

---

Complaint submitted by Plaintiff to the New York State Division of Human Rights ("NYSDHR") ("NYSDHR Compl."). This Memorandum and Order will refer to each document separately.

[3] Plaintiff's allegations are based in part on the termination of her employment. (*See, e.g.,* Compl. ¶ 4.) The Court has considered Ms. Richardson's September 26, 2005 letter notifying Plaintiff of her termination for the purpose of determining the timeliness of her claims, notwithstanding the fact that this letter was not attached to the Complaint. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") *See also McKevitt v. Mueller,* 689 F. Supp. 2d 661, 665 (S.D.N.Y. 2010) (citing *Chambers* and collecting cases).

opposition papers. By Order dated June 3, 2009, Plaintiff's application was granted and the deadline to oppose Defendants' motion was extended until November 30, 2009. Although Plaintiff was cautioned that no further extensions of time would be granted absent extraordinary circumstances, she has neither served any opposition to Defendants' motion nor requested another extension of time to do so. Therefore, on January 19, 2010, Defendants were granted permission to file the instant motion unopposed. As required by Local Rule 12.1 of this District, Defendants served Plaintiff with a statement apprising her of her obligations in opposing a motion to dismiss. To date, however, Plaintiff has failed to file any opposition to the motion.

APPLICABLE LEGAL STANDARDS

A. *Plaintiff's Submissions Are Liberally Construed*

Construing *pro se* Plaintiff's submissions liberally, as required, *see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), this Court interprets them to raise the strongest arguments that they suggest. *See Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir. 1993). A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to her lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). Nevertheless, the right of self-representation cannot exempt a party from compliance with relevant rules of procedural and substantive law. *Id.* at 95.

B. *Motion to Dismiss Standard*

Under *Twombly*, a complaint should be dismissed when it does not contain sufficient allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009)). "First,

although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S. Ct. at 1950.

C. *300-Day Filing Period*

Before bringing a suit in federal court under Title VII, a plaintiff must file timely administrative charges with the EEOC, either directly or through an authorized state or local agency, here the New York State Division of Human Rights, or the New York City Commission on Human Rights. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1). Discrimination charges must be filed within three hundred (300) days of the allegedly unlawful employment practice. *See* 42 U.S.C. §§ 2000e-5(e); *Weeks v. New York State (Div. Of Parole)*, 273 F.3d 76, 82 (2d Cir. 2001) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). This statutory requirement effectively acts as a statute of limitations and claims are barred by a failure to file a timely charge. *Van Zant*, 80 F.3d at 712; *see also Butts v. City of New York Dep't of Hous., Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). The limitations period "starts to run when the claimant receives notice of the allegedly discriminatory act, not when the allegedly discriminatory decision takes effect." *Morehead v. N.Y. City Transit Auth.*, 385 F. Supp. 2d 248, 251 (S.D.N.Y. 2005).

Courts strictly adhere to the 300-day statute of limitations. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 109, 114 (2002); *Butts,* 990 F.3d at 1401. However, the Second Circuit has recognized that the time limits established by Title VII are "subject to waiver, estoppel, and equitable tolling." *Downey v. Runyon,* 160 F.3d 139, 145 (2d Cir. 1998) (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)). Equitable tolling may, in exceptional circumstances, excuse a failure to follow the filing requirements of Title VII. *See Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir. 1985). However, the plaintiff bears the burden to show that exceptional circumstances prevented her from filing the EEOC charge in order to apply equitable tolling to the 300-day filing period. *Id.; Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir. 2000).

## DISCUSSION

### A. *Plaintiff's Discrimination Claim is Untimely*

As noted above, Plaintiff filed administrative charges of discrimination on August 2, 2006. Thus, Plaintiff's Title VII claims are time-barred to the extent that they rely on factual allegations prior to October 6, 2005. It is plain from Plaintiff's submissions that the alleged discriminatory conduct—*i.e.,* Defendants' refusal to allow her a weekend day off because of her gender and religion—took place sometime in August 2005, after which she decided to not return to her workplace. (*See* Supp. Compl. ¶¶ 7, 8; NYSDHR Compl. ¶¶ 3-4.) In addition, Plaintiff stated in her NYSDHR Complaint that she was expressly notified by her union representative on September 15, 2005 that—having failed to appear for work for over one month—her employer considered her absent without leave and that she should submit medical documentation if she wished to return to work. (*See* NYSDHR Compl. ¶ 5.) Even construing Plaintiff's Complaint broadly to find that the discriminatory conduct continued up to and including September 26,

5

2005, when she was formally notified of her termination, her NYSDHR Complaint was still

untimely. Although Plaintiff stated in her NYSDHR Complaint that she received a paycheck on

an unspecified day "sometime in October or November of 2005," receipt of her final check

would not represent the triggering event for the limitations period because, as Defendants

correctly observe, the period runs from the date Defendants allegedly engaged in discriminatory

conduct, not when Plaintiff was subjected to the ultimate consequences of discrimination. *Liles

v. NYC Dep't of Educ.*, 516 F. Supp. 2d 297, 309 (S.D.N.Y. 2007) (citing *Del. State Coll. v.

Ricks*, 449 U.S. 250, 258 (1980)); *see also Pearson v. Bd. of Educ.*, 499 F. Supp. 2d 575, 589

(S.D.N.Y. 2007) ("[T]he 300 day period starts to run when the claimant receives notice of the

allegedly discriminatory conduct, not when the allegedly discriminatory decision takes effect.").

Plaintiff also fails to demonstrate any circumstances, much less exceptional ones, to excuse her

failure to adhere to the statutory filing requirements.[4] Indeed, Plaintiff has failed to respond at

all to Defendants' motion. Accordingly, Plaintiff's discrimination claim is time-barred and must

be dismissed.[5]

---

[4] In her form Complaint Plaintiff checked off a box indicating that Defendants continue to commit acts of discrimination against her. (*See* Compl. ¶ 5). However, she alleges no facts in any document submitted to the Court to warrant either tolling of the limitations period or to suggest that the continuing violation doctrine is applicable in this case. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). Rather, Plaintiff concedes that, after she called out sick on August 12, 2005, she never again worked for Defendants. (*See* NYSDHR Compl. ¶ 4.)

[5] In her form Complaint, Plaintiff also asserts claim for retaliation. (*See* Compl. ¶ 4.) Based on the above discussion with respect to Plaintiff's discrimination claim, the Court finds that any retaliation claim is also time-barred. In addition, Plaintiff presents no facts whatsoever to support a claim that Defendants retaliated against her in violation of Title VII and, moreover, this claim was not presented in Plaintiff's administrative charges and therefore cannot now be asserted in this case. *See, e.g., McGuire v. United States Postal Serv.*, 749 F. Supp. 1275, 1287 (S.D.N.Y. 1990) ("Judicial claims which serve to amplify, clarify or more clearly focus earlier EEO[C] complaints are appropriate. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate") (citation and internal quotation marks omitted). *See also Butts*, 990 F.2d at 140. Accordingly, Plaintiff's retaliation claim is also dismissed with prejudice.

B. *Plaintiff Fails to State a Disparate Treatment Claim*

In her Complaint, Plaintiff claims that she was subjected to "unequal terms and conditions of [her] employment]," and that Defendants "refused to compensate [her] for work." (Compl. ¶ 4.) Although not addressed by Defendants' in their motion, the Court construes Plaintiff's Complaint to assert a claim for disparate pay. "[A] claim of discriminatory pay is fundamentally unlike other claims of ongoing discriminatory treatment because it involves a series of discrete, individual wrongs rather than a single and indivisible course of wrongful action." *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119 (2d Cir. 1997); *see also Quarless v. Bronx-Leb. Hosp. Ctr.*, 228 F. Supp. 2d 377, 382 (S.D.N.Y. 2002) ("each paycheck that Plaintiff received was an (alleged) immediate and individual wrong which gave rise to a separate disparate pay claim"). Because Plaintiff alleges that she received her final paycheck in or about October or November of 2005, the Court assumes solely for purposes of this motion that her disparate pay allegations were timely.

However, Plaintiff has not stated with specificity the date(s) on which she received discriminatory pay, nor has she provided a factual basis for her claim that she was subjected to discriminatory treatment with respect to pay. In order to provide a defendant fair notice of what a plaintiff's claim is and the grounds upon which it rests, Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a). However, as explained *supra*, a plaintiff must present more than "mere conclusory statements" in support of her claim. *See Harris*, 572 F.3d at 66; *see also Iqbal*, 129 S. Ct. at 1949 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Specifically, to survive a motion to dismiss, a plaintiff must support her claims with "specific and detailed factual allegations, not stated in wholly conclusory terms."

*Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000); *see also ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level" (quotation marks and footnote omitted)). In the present case, the Complaint and the documents annexed thereto fall far short of that which is required to state a claim for pay discrimination under Title VII. Plaintiff states only that "[u]pon information and belief, males got paid when they were out sick but females were not." (Supp. Compl. ¶ 8). She does not allege that she, herself, did not receive wages due to her while she was out on sick leave. Nor does she specify any facts to support her claim that males were indeed treated differently than females in regard to sick-leave pay. Plaintiff's claim must contain sufficient facts to "nudge[] [her] claim[] across the line from conceivable to plausible ... ." *Twombly*, 550 U.S. at 570. Here, Plaintiff's claim fails to reach this threshold and must be dismissed. However, for the reasons set forth below, Plaintiff shall be permitted an opportunity to amend the Complaint solely with respect to her disparate pay claim.

C. *Leave to Amend*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Moreover, when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) (citation omitted). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

8

amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. However, if amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *See Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

As explained above, Plaintiff's discrimination claim is time barred; therefore, any attempt to replead this claim would be futile. *See Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 55 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Accordingly, Plaintiff's discrimination claim is dismissed with prejudice.

Plaintiff's failure to adequately plead her disparate treatment claim, however, may not be fatal. In this case, a liberal reading of Plaintiff's Complaint suggests that a claim for disparate pay might be stated. Accordingly, in an abundance of caution in light of Plaintiff's *pro se* status, see *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), the Court grants Plaintiff leave to file an amended complaint, within thirty (30) days of the date of this Order, detailing her claims that she was paid differently than similarly situated male employees.

## CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's Title VII discrimination and retaliation claims are dismissed with prejudice. Plaintiff's disparate treatment claim is dismissed with leave to re-plead within thirty (30) days from the date of this

Order. Failure to timely serve and file an amended complaint may result in dismissal of this action with prejudice. The Clerk of Court is directed to transmit a copy of this Order to Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      July 14, 2010

                            ROSLYNN R. MAUSKOPF
                            United States District Judge